UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES JOHNSON,
#M28313                                                                PLAINTIFF

V.                          3:17CV00041 KGB/JTR

DELL COOK, Chief; and
LUKE WHITFIELD; Lieutenant,
Mississippi County Detention Center                                    DEFENDANTS

# ORDER

James Johnson ("Johnson") is a state prisoner in Illinois. He has filed a *pro se* Complaint and an Amended Complaint alleging that, while he was a pretrial detainee in the Mississippi County Detention Center ("MCDC"), Defendants violated his constitutional rights and committed several state torts

## I. Motion for Reconsideration

On June 27, 2017, the Court issued a Recommended Disposition suggesting that this case be dismissed, without prejudice, because Johnson failed to comply with an Order directing him to file an Amended Complaint... *Doc. 18.* On August 1, 2017, Honorable Kristine G. Baker, United States District Judge *declined* to adopt the Recommended Disposition because, after the Recommended Disposition was

entered, Johnson filed an Amended Complaint and Objections explaining why his Amended Complaint was late. *Docs. 19, 20, & 21*.

Johnson has recently filed a Motion asking the Court to reconsider the June 27, 2017 Recommended Disposition. *Doc. 25*. That Motion is denied, as moot, because the Recommended Disposition was *not* accepted.

## II. Screening

Before Johnson may proceed, the Court must screen his Complaint and Amended Complaint.[1]

Johnson alleges that, while he was in the MCDC, from January to March of 2017, Defendants Chief Dell Cook ("Cook") and Lieutenant Luke Whitfield ("Whitfield") violated his constitutional rights, as protected by 42 U.S.C. § 1983, and committed the Arkansas tort of negligence by refusing to give him supplies to clean mold, mildew, and rust that caused him to become ill. *Docs. 2 & 24*. The Court concludes, *for screening purposes only*, that Johnson has pled a viable § 1983 and negligence claims against Cox and Whitfield in regard to these specific

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

allegations.[2]

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Johnson's Motion for Reconsideration *(Doc. 25)* is DENIED AS MOOT.

2. The Clerk is directed to prepare a summons for Cook and Whitfield at the Mississippi County Detention Center. The U.S. Marshal is directed to serve the summons, Complaint, Amended Complaint, and this Order on Cook and Whitfield without prepayment of fees and costs or security therefor.[3]

Dated this 12th day of October, 2017.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has entered a separate Recommended Partial Disposition explaining why the other claims Johnson raised in his Complaint and Amended Complaint should be dismissed, without prejudice.

[3] If Cook or Whitfield no longer work at the MCDC, the individual responding to service must file a **sealed** statement providing their last known private mailing address.