UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES JOHNSON,
#M28313                                                                                              PLAINTIFF

V.                              3:17CV00041 KGB/JTR

DELL COOK, Chief; and
LUTHER WHITFIELD; Lieutenant,
Mississippi County Detention Center                                          DEFENDANTS

# ORDER

Plaintiff James Johnson ("Johnson") is a prisoner proceeding *pro se* in this § 1983 action. Johnson has filed two Motions, which the Court will address separately.

## I. Motion for Appointment of Counsel

Johnson seeks the appointment of counsel. *Doc. 44.* A *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must

weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Phillips*, 437 F.3d at 794.

Johnson's claims are not legally or factually complex. Furthermore, it appears from the record that he is capable of presenting his claims without the benefit of appointed counsel. Under these circumstances, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time. Accordingly, his Motion for Appointment of Counsel is denied.

## II. Motion on Exhaustion of Remedies

Johnson has filed a "Motion on Exhaustion of Remedies," asking the Court to recognize that he has properly exhausted his administrative remedies as to the claims he is raising in this lawsuit. *Doc. 43*.

Exhaustion is an affirmative defense that must be pled and proved *by the Defendants*. *Jones v. Bock*, 549 U.S. 199, 219 (2007); *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir. 2005). This means that it is *not* Johnson's obligation, at this time, to present the Court with his exhaustion evidence. However, if any of the Defendants file a Motion for Summary Judgment on the issue of exhaustion, Johnson will then have an opportunity to file a Response that explains how he properly complied with the jail's exhaustion procedure and provides any evidence he may

have to support his argument. Accordingly, Johnson's Motion on Exhaustion of Remedies is denied.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Johnson's Motion for Appointment of Counsel *(Doc. 44)* is DENIED.

2. Johnson's Motion on Exhaustion of Remedies *(Doc. 43)* is DENIED, AS PREMATURE.

Dated this 14th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE