UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES JOHNSON                                                                                    PLAINTIFF

V.                                          3:17CV00041 KGB/JTR

DALE COOK, Chief,
Mississippi County Detention Center, *et al*.                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff James Johnson ("Johnson") filed this *pro se* § 1983 action alleging that, while he was a pretrial detainee in the Mississippi County Detention Center ("MCDC"), Defendants Chief Dale Cook ("Cook) and Lieutenant Luther Whitfield

("Whitfield") violated his federal constitutional rights and Arkansas state negligence law. *Docs. 2 & 24.* Specifically, he alleges that, from January through March 2017: (1) he was exposed to black mold, mildew, dust, and rust in the MCDC that caused him to become ill; and (2) Cook and Whitfield refused to give him any cleaning supplies. *Doc. 2, at 4 & 6; Doc. 24, at 2 & 6-7.*[1]

Defendants filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputable Facts, arguing that Johnson's claims should be dismissed, with prejudice, because he failed to exhaust the administrative remedies available to him at the MCDC. *Docs. 47, 48 & 49.* Johnson filed a Response and a Statement of Disputable Facts. *Docs. 54 & 55.* Thus, the issues are joined and ready for disposition.[2]

## II. Discussion

The Prison Litigation Reform Act ("PLRA") calls for prisoners to exhaust their administrative remedies *before* filing a § 1983 action: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other

---

[1]The Court has dismissed all other claims. *See Docs. 28 & 60.*

[2]Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.@ 42 U.S.C. ' 1997e(a). The purposes of the exhaustion requirement include Aallowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.@ *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Jones,* 549 U.S. at 211, 219-20, 223-24; *Woodford,*, 548 U.S. at 93-95; *Burns v. Eaton,* 752 F.3d 1136, 1141-42 (8th Cir. 2014). The PLRA's demand is clear: "If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000); *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion Ameans using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits@). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the exhaustion requirements of the incarcerating facility *before* filing suit.

The MCDC has a written grievance policy which provides that: (1) a detainee

must submit a grievance, written on "any paper," describing any "complaint, request or problem"; (2) the detainee must sign the grievance and deliver it to "any staff member"; (3) the staff member receiving the grievance must sign and date the grievance and deliver it to the MCDC administrator or his/her designee; (4) the detainee must be informed of the disposition of the grievance within ten days; and (5) the detainee must appeal the response or lack of response to the "next level in the chain of command," who must respond in writing. *Doc. 49, Ex. A-2*. The policy requires that "all grievances and responses" are to be placed in the detainee's MCDC institutional jacket, with a copy to the detainee. *Id.*

This policy was in effect at the time of Johnson's confinement. *Id., Ex. A ¶¶ 9-10* (Brooks Aff.). When he was booked into the MCDC, Johnson was informed of his right to "file a grievance complaint" by "contact[ing] any guard for the necessary form(s)." *Id., Ex. A ¶ 8; Ex. A-1 at 1* (Mississippi County Sheriff's Department Facility Regulations and Procedures, Rule #11).

Johnson was incarcerated in the MCDC from January 4, 2017 to March 27, 2017. *Id., Ex. A ¶ 6*. During that time, he submitted twenty-one grievances about matters *unrelated* to being exposed to and injured by mold, mildew, dust and rust, or the lack of cleaning supplies.[3] *Id., Ex. A ¶¶ 4-5; Ex. A-1, at 4-24.* On March 6, 2017, he filed this § 1983 action. *Doc. 2.*

---

[3]The grievances were: No. 37432, January 10, 2017 (trust fund); No. 37469, January 20,

4

Johnson does not dispute that, before filing this § 1983 lawsuit, he failed to file a grievance about mold, mildew, dust and rust, or the lack of cleaning supplies. Rather, he contends that the MCDC policy does not explain that he was *required* to file a grievance before taking a matter to Court, and that he did not know he was required to do so because he was not allowed access to the law library. He also makes the conclusory assertion that, by filing grievances about these matters *after* initiating this § 1983 action, he gave Defendants the opportunity to correct the problem.[4] Finally, he asks the Court for "leniency" due to his misunderstanding and a learning disability. *Doc. 54; Doc. 55, at 1.*

The law is clear that a prisoner must exhaust his administrative remedies *before* filing suit in federal court and that, if he has not done so, "dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). In addition, the Eighth Circuit has made it clear that a prisoner's subjective and possibly incorrect

---

2017 (law library; delays in getting grievance forms); No. 37470, January 20, 2017 (law library); No. 37466, January 22, 2017 (medications); No. 37544, February 1, 2017 (lost property; request for pants and shoes); No. 37602, February 17, 2017 (medication; inadequate meals); No. 37597, February 19, 2017 (medication; urine in cell; salty food); No. 37631, February 26, 2017 (charge for medical care); No. 37686, February 29, 2017 (reason for lockdown); No. 37642, February 29, 2017 (charge for medical care); No. 37683, February 30 [sic], 2017 (lockdown without a hearing); No. 37638, March 1, 2017 (medication); No. 37682, March 3, 2017 (lost clothing); No. 37703, March 5, 2017 (notary); No. 37706, March 5, 2017 (medication); No. 37653, March 7, 2017 (phone call); No. 37662, March 10, 2017 (concern for another inmate's safety); No. 37658, March 11, 2017 (extradition papers); No. 37674, March 12, 2017 (phone call); No. 37690, March 12, 2017 (copy of charges); No. 37745, March 23, 2017 (extradition). *Doc. 49, Ex. A-1, at 4-24.*

[4]Johnson does not submit *any* grievances that support this contention, nor do any appear in his jail file.

understanding of the prison's grievance process is irrelevant to the determination of whether administrative remedies were "available" to him. *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002); *Chelette*, 229 F.3d at 688. Importantly, that holding applies even if prison officials gave inmates incorrect information about how to properly use the prison's grievance procedure. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (holding that administrative remedies were "available" even when prison officials incorrectly told inmates that they did not need to file written grievances).

Finally, in *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016), the Court clarified that there are no "judge-made" exceptions, such as good cause, to the PLRA's exhaustion requirement. Instead, a prisoner must properly exhaust all "available" remedies, which the Court narrowly defined as all remedies that are "capable of use." *Id.* at 1858.[5] Clearly, the MCDC grievance procedure was "available" to Johnson, as evidenced by his ability to submit twenty-one grievances during the three-month period that he was incarcerated there. *See Trevino v. Woodbury County Jail*, 623 Fed. Appx. 824, 825 (8th Cir. 2015) (record belied prisoner's assertion that jail officials prevented him from using its grievance procedures, where he filed eleven

---

[5] The Court when on to emphasize that administrative remedies are "unavailable" only under three limited circumstances which "will not often arise": (1) when the process cannot be completed because it is a "dead end," with prison officials "unable or consistently unwilling" to provide any relief; (2) when the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) when prison officials thwart the inmate through "machination, misrepresentation, or intimidation." *Id.* at 1859-60. None of those exceptions apply here.

written complaints while there and presented no evidence that any official thwarted his efforts to file more).

The Court concludes that Defendants are entitled to summary judgment on Johnson's claims, and that they should be dismissed, without prejudice, for failure to exhaust administrative remedies.[6] *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

Finally, because Defendants are entitled to summary judgment on Johnson's federal claims, the Court should decline to exercise supplemental jurisdiction over his remaining state law negligence claim. That claim can be best and most appropriately resolved in state court. *See* 28 U.S.C. § 1367(c)(3); *Ivy v. Kimbrough,* 115 F.3d 550, 552-53 (8th Cir. 1997) ("In most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state claims are dismissed without prejudice to avoid needless decisions of state law … as a matter of comity and to promote justice between the parties.").

---

[6]Defendants argue that they are entitled to a dismissal *with prejudice* because Johnson is no longer at the MCDC and thus would be unable to exhaust his remedies about this claim and refile it. *Doc. 48, at 4-5*. The Eighth Circuit has consistently held that dismissals for lack of exhaustion must be without prejudice, even in circumstances where exhaustion appears futile. *See Porter v. Sturm,* 781 F.3d 448, 449, 452 (8th Cir. 2015) (holding that "[d]ismissal without prejudice is mandatory" where prisoner chose not to pursue final stage of grievance process and was clearly out of time to do so)*; see also Springer v. Caple,* 717 Fed. Appx. 650, 651 (8th Cir. 2018) (modifying dismissal for non-exhaustion to be without prejudice); *Jirak v. Terris,* 668 Fed. Appx. 680, 681 (8th Cir. 2016) (same); *Davis v. Harmon,* 389 Fed. Appx. 587, 588 (8th Cir. 2010) (same); *Washington v. Uner,* 273 Fed. Appx. 575, 577 (8th Cir. 2008) (same).

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment *(Doc. 47)* be GRANTED.

2. Johnson's § 1983 inhumane conditions of confinement claims against Defendants be DISMISSED, WITHOUT PREJUDICE, for failure to exhaust administrative remedies.

3. The Court decline to exercise supplemental jurisdiction over Johnson's state negligence claims against Defendants, which should be DISMISSED, WITHOUT PREJUDICE.

DATED this 25th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE